1   Peter R. Afrasiabi (Bar No. 193336)
2   E-mail: pafrasiabi@turnergreen.com
    **TURNER GREEN LLP**
3   535 Anton Boulevard, Suite 850
4   Costa Mesa, California 92626
    Telephone:   (714) 434-8750
5   Facsimile:   (714) 434-8756
6
    Attorneys for Defendants
7

8                  **UNITED STATES DISTRICT COURT**
9                  **CENTRAL DISTRICT OF CALIFORNIA**
10

11  LEGALJIFFY.CPU, a California          **Case No. CV09-1867 AHM (JTLx)**
    corporation;
12                                         Assigned for all purposes to:
                    Plaintiff,             Hon. A. Howard Matz
13
         vs.                               **NOTICE OF MOTION AND**
14                                         **MOTION TO DISMISS AND**
    LEGALCPU.COM, a California             **STRIKE FOR FAILURE TO**
15  corporation                           **STATE A CLAIM UPON WHICH**
                                           **RELIEF CAN BE GRANTED;**
16                  Defendants.            **MEMORANDUM OF POINTS &**
                                           **AUTHORITIES IN SUPPORT**
17                                         **THEREOF**

18                                         **[Fed. R. Civ. P. 12(b)(6) & (f)]**
19                                         Date:       June 22, 2009
                                           Time:       10:00
20                                         Courtroom:   14 (Spring Street)
21

22

23

24

25

26

27

28

                                    1
14828                                      **DEFENDANTS' MOTION TO DISMISS**
                                                    **AND STRIKE**

**TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on June 8, 2009 at 1:30 p.m., or as soon thereafter as the matter may be heard, in the in the Courtroom of the Honorable A. Howard Matz, United States District Judge for the Central District of California, Western Division, located at 312 N. Spring St., Los Angeles, California 90012, defendants will and hereby do move the Court pursuant to Federal Rule of Civil Procedure 12(b)(6) & (f) for an order dismissing and striking plaintiff's claims for copyright infringement and California Business and Professions Code § 17200.

Pursuant to Local Rule 7-3, Counsel for Defendants provided notice of this motion to Plaintiffs' counsel through an exchange of emails and conversations and the parties were not able to resolve the issues.

The Motion will be made for all of the reasons set forth in the accompanying Memorandum of Points and Authorities, this Notice, the files and records on file with the Court in this action, and any additional arguments that may be presented to and received by the Court.


Dated:  May 27, 2009                    **TURNER GREEN LLP**


By: /s/ Peter R. Afrasiabi
Peter R. Afrasiabi
Attorneys for Defendants

1

**DEFENDANTS' MOTION TO DISMISS
AND STRIKE**

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.      RULE 12 STANDARDS**

Rule 12(b)(6) dismissal is proper where, assuming the facts as alleged are true, there is no "cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  To survive a motion to dismiss, the complaint must therefore allege sufficient facts to support a "claim for relief that is plausible on its face." *Bell Atlantic Corp v. Twombly,* 127 S.Ct. 1955, 1974 (2007).

A motion to strike under Rule 12(f) is proper where Plaintiff alleges claims or matters that are improper under the law and should be stricken from the Complaint, but where the removal of such matters does not warrant a dismissal of the claim.  *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517.  In other words, Rule 12(f) is designed for excision of material from pleadings if not dismissal of claims entirely.

**II.     PLAINTIFF SEEKS REMEDIES NOT AVAILABLE UNDER THE COPYRIGHT ACT AND ALSO LACKS STANDING.**

**A.      Plaintiff's Copyright Claim Is Deficient**

**1.      Plaintiff Lacks Standing.**

As the Court can see, the Complaint does not reference or mention the receipt of a copyright registration from the Copyright Office of the alleged copyright in the website at issue.  Plaintiff filed a Form AO121 that identifies a ***pending*** copyright application with a number that does not match with an actual issued copyright registration for a work.  [Docket # 5.]  But an unapproved filed application is not enough to confer standing to sue for copyright infringement.

Whether a pending application or an issued Certificate of registration is required to confer standing is a question the Ninth Circuit has not yet resolved.  However, Courts in this District have held that the act of filing an application is insufficient to confer standing.  *See Loree Rodkin Mgmt. Corp. v. Ross-Simons, Inc.,*, 315 F. Supp. 2d 1053, 1054-55 (C.D. Cal. 2004) (actual registration required);

**DEFENDANTS' MOTION TO DISMISS AND STRIKE**

1   *Morgan Blackledge v. Cimmings*, CV-05-7782-PA (Ex) 1/6/06 Order (same),

2   attached as Exhibit A; *see also Brush Creek Media, Inc. v. Boujaklian,* 2002 WL

3   1906620 (N.D. Cal. 2002) (same); *Ryan v. Carl Corp.,* 1998 WL 320817 (N.D. Cal.

4   1998) (same); *Ashlar Inc. v. Structural Dynamics Research Corp.,* 1995 WL

5   639599, 36 U.S.P.Q.2d 1402 (N.D. Cal. 1995) (same).

6         Defendant recognizes this rule has contrary authority from other Judges in

7   this District, *see Gable-Leigh, Inc. v. North American Miss,* 2001 WL 521695 (C.D.

8   Cal. 2001); *Dielsi v. Falk,* 916 F. Supp. 985 (C.D. Cal. 1996), but nonetheless

9   contends the better reasoned analysis is consistent with *Loree* and *Blackledge* and

10  the cited Northern District cases because: (1) the plain language of 17 U.S.C. § 411

11  requires "registration" for standing and a pending application is not a "registration";

12  (2) "registration" occurs after the Copyright Office issues a Certificate of

13  Registration; that is, under 17 U.S.C. § 410(a) the Copyright Office registers a

14  copyright not the applicant.  Consistent with *Loree* and that line of cases, this Court

15  should therefore dismiss the first cause of action for lack of standing.

16        **2.      The Remedies Sought Are Not Available And So Should Be**

17              **Stricken**

18        Alternatively (or additionally for future guidance in this very case if Plaintiff

19  does secure a copyright registration and then amends), the Court should strike the

20  request for statutory damages and attorneys fees.  Prayer ¶¶ 4 & 6.  Those remedies

21  are not available where the copyright registration is filed ***after*** the infringement is

22  alleged to occur.  *See* 17 U.S.C. § 412; *Singh v. Famous Overseas, Inc.*, 680 F.

23  Supp. 533, 536 (E.D.N.Y. 1988).

24        Here, Plaintiff pleads that the infringement occurred in June 2008.

25  Complaint ¶ 10.  But the copyright application was not even apparently filed with

26  the Copyright Office until after this lawsuit was filed in April 2009.  Accordingly,

27  Plaintiff's request for statutory damages and attorneys fees should be stricken.

28        //

**DEFENDANTS' MOTION TO DISMISS
AND STRIKE**

**B.   Plaintiff's Third Cause of Action for Statutory California Unfair Competition Fails to State a Claim and Seeks Remedies Not Available Under § 17200 Et Seq.**

The Court should dismiss Plaintiff's § 17200 claim because Plaintiff does not plead injury in fact.  Moreover, and in the alternative, the Court should strike Plaintiff's request in paragraph 5 & 6 of its Prayer for exemplary damages.

**1.   Plaintiff Fails to Plead an "Injury in Fact" as   Required by Proposition 64 and so Lacks Standing.**

Prior to Proposition 64, Sections 17204 and 17535 permitted "any person" to sue under Cal. Bus. & Prof. Code §§ 17200 and 17500, respectively.  Prior to the enactment of that statute in November 2004, California courts construed the UCL to mean that no "transaction nexus" was required.  Thus someone completely unaffected by a party's business practice could sue.  Proposition 64 added a standing requirement in which to allow recovery for persons "who has suffered injury in fact and has lost money or property as a result of such unfair competition."  Prop. 64, § 17204 (emphasis added); *see also In re Napster, Inc. Copyright Litigation*, 354 F. Supp. 2d 1113 (N.D. Cal. 2005) (holding "Hummer fails to allege that it has suffered any ongoing injury from plaintiff's anticompetitive conduct.  Nor do there appear to be any losses to which Hummer or even Napster itself would be entitled by reason of plaintiffs' gains.").

Courts generally focus on "lost money or property" with eligibility for restitution under §17204: "Because remedies for individuals under the UCL are restricted to injunctive relief and restitution, the import of the requirement [of "lost money"] is to limit standing to individuals who suffer losses of money or property that are eligible for restitution."  *Buckland v. Threshold Enterprises, Ltd.*, 155 Cal. App. 4th 798, 817 (2007); *see also Butler v. Adoption Media, LLC*, 486 F. Supp. 2d 1022, 1062 (N.D. Cal. 2007) (holding "loss of money or property" cannot be established by reference to statutory damages or by plaintiff's expenditure of time

3

1  and money).

2      Here, Plaintiff does not allege that it "lost [any identifiable] money or

3  property."  All Plaintiff identifies in paragraph 30 is that it seeks compensation in

4  the form of Defendants' gains.  But as a matter of law, Defendant's gains from

5  other third parties are not cognizable losses under § 17200 to the Plaintiff.  This is

6  taught by *Korea Supply Co. v. Lockheed Martin Corp*., 29 Cal. 4th 1134, 1144

7  (2003).

8      There, the plaintiff, a company in the business of representing manufacturers

9  in military transactions with the government of South Korea, sued the defendant for

10  engaging in unfair competition (specifically, sexual favors and bribes) in order to

11  procure a bid that the plaintiff's client would have otherwise received.  The plaintiff

12  asserted that as a result of the lost contract, it lost a commission of about $30

13  million.  The plaintiff sought to recover that lost commission under Section 17200

14  (among other theories).  The California Supreme Court held that it could not: "[W]e

15  address whether disgorgement of profits allegedly obtained by means of an unfair

16  business practice is an authorized remedy of an unfair business practice under the

17  UCL where the profits are neither money taken from a plaintiff nor funds in which

18  the plaintiff has an ownership interest.  We conclude that disgorgement of such

19  profits is not an authorized remedy in an individual action under the UCL."  *Id*. at

20  1140.  "The object of restitution is to restore the status quo by returning to the

21  plaintiff funds in which he or she has an ownership interest."  *Id*. at 1149 (emphasis

22  added).  But the plaintiff – just like the Plaintiff here – was not seeking any such

23  funds.  Clearly, the profits that it hoped to achieve was not "money or property that

24  was once in its possession."  *Id*.  Thus, the plaintiff was seeking "nonrestitutionary

25  disgorgement of profits" and that is not permissible under Section 17200.  *Id*. at

26  1150.  Instead, "[c]ompensation for a lost business opportunity is a measure of

27  damages and not restitution to the alleged victims."  *Id.* at 1151 (emphasis added).

28      Accordingly, Plaintiff's request in paragraph 32 of its Complaint for

1  compensation in the form of what amounts to Defendants' gains is barred as a

2  matter of law by Korea Supply's narrow restitution remedy.  Plaintiff, thus, has not

3  suffered an injury in fact and so the claim should be dismissed for lack of standing.

4  Even if not dismissed, that portion of Paragraph 32 should also be stricken because

5  it is also not a cognizable form of restitution.

6           **2.      Damages, Much Less Punitive Damages, Are Not**

7                   **Available Under § 17200.**

8           Section 17200 only allows a narrow class of remedies: restitution and

9  injunctive relief.  *See* Cal. B. & P. Code § 17203; *Bank of the West*, 2 Cal.4th at

10  1266 ("damages are not available under § 17203.").  Accordingly, Plaintiff's

11  requested relief of "exemplary damages" (Complaint Prayer ¶ 5), are outside the

12  scope of applicable recovery under § 17203, and this Court should strike the request

13  (if the claim is not dismissed entirely as outlined above).

14  **III.   CONCLUSION.**

15          For the foregoing reasons, the Court should dismiss Plaintiff's first, second,

16  fifth and sixth claims with prejudice and further strike the above-referenced

17  portions of the fourth and sixth causes of action.

18

19  Dated:  May 27, 2009              **TURNER GREEN LLP**

20

21                              By: /s/ Peter R. Afrasiabi

22                                   Peter R. Afrasiabi
                                     Attorneys for Defendants

23

24

25

26

27

28

14828.1                          5              **DEFENDANTS' MOTION TO DISMISS
                                                 AND STRIKE**

RightFAX                    1/26/2006 12:09   PAGE 002/005   Fax Server

DOCKETED ON CM

JAN 26 2006

BY _____ 012

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 05-7782 PA (Ex) | Date | January 6, 2006 |
|---|---|---|---|

| Title | Morgan Blackledge v. Robert Cummings, *et al.* | | |

---

Present: The Honorable  PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| C. Kevin Reddick | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**      IN CHAMBERS - COURT ORDER

The Court is in receipt of a Motion to Dismiss the Complaint for Lack of Subject Matter Jurisdiction and Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) filed by the defendants. (Docket No. 5.) Pursuant to Fed. R. Civ. P. 78 and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for January 9, 2006, is vacated, and the matter taken off calendar.

In this action, the plaintiff alleges that he created two computer-generated illustrations for the defendants to use in a motion picture and on a music album cover. He claims that he attempted to negotiate a license or sales agreement with the defendants, but that they discontinued the negotiations. According to plaintiff, they then infringed on his exclusive copyright.

The plaintiff submitted an application to the United States Copyright Office for registration of his copyright claim for one of these illustrations on August 20, 2005, and an application for the second on September 25, 2005. He filed his Complaint on November 1, 2005. To date, the Copyright Office has not yet registered either claim.

Under Fed. R. Civ. P. 12(b)(1), a complaint may be dismissed for lack of jurisdiction over the subject matter of the action. Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). Federal courts have exclusive jurisdiction over civil actions arising under the Copyright Act. See 28 U.S.C. § 1338(a). Nonetheless, the Act itself contains a jurisdictional provision for copyright infringement actions, which states:

> Except for an action brought for a violation of the rights of the author
> under section 106A(a), and subject to the provisions of subsection (b), no
> action for infringement of the copyright in any United States work shall be
> instituted until preregistration or registration of the copyright claim has
> been made in accordance with this title. In any case, however, where the
> deposit, application, and fee required for registration have been delivered

*15*



CV-90 (06/04)                    CIVIL MINUTES - GENERAL                    Page 1 of 4

**SEND**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 05-7782 PA (Ex) | Date | January 6, 2006 |
|---|---|---|---|

| Title | Morgan Blackledge v. Robert Cummings, *et al.* |
|---|---|

to the Copyright Office in proper form and registration has been refused,
the applicant is entitled to institute an action for infringement if notice
thereof, with a copy of the complaint, is served on the Register of
Copyrights. The Register may, at his or her option, become a party to the
action with respect to the issue of registrability of the copyright claim by
entering an appearance within sixty days after such service, but the
Register's failure to become a party shall not deprive the court of
jurisdiction to determine that issue.

17 U.S.C. § 411(a). Thus, § 411(a) requires "registration" of the plaintiff's copyright claim before this
Court has jurisdiction over his copyright infringement action.[1]

Registration under the Act requires the copyright claimant to submit an application, pay a fee,
and deposit the work submitted for registration. 17 U.S.C. § 408. Then, the Register of Copyrights must
make a determination, "after examination," whether the material deposited with the application
constitutes copyrightable subject matter and that the other legal and formal requirements of Title 17 have
been met. 17 U.S.C. § 410(a). If the Register determines that the claim is valid, the claim is registered
and the Copyright Office issues a registration certificate. Id.

Though the plaintiff's claim has not yet been registered by the Copyright Office, he maintains
that his action is proper because he has filed an application for registration. There is no Ninth Circuit
authority addressing whether that action alone can satisfy the registration requirement. Instead, there is a
split of authority among the circuits on the issue, as well as a split of authority within the Central District
of California. Compare, e.g., Apple Barrel Prods., Inc. v. Beard, 730 F.2d 384 (5th Cir. 1984) (holding
that submission of a registration application is sufficient), Gable-Leigh, Inc. v. N. Am. Miss, No. CV 01-
01019 MMM (SHx), 2001 WL 521695 (C.D. Cal. Apr. 13, 2001) (same), and Dielsi v. Falk, 916 F.
Supp. 985 (C.D. Cal. 1996) (same), with, e.g., La Resolana Architects, PA v. Clay Realtors Angel Fire,
416 F.3d 1195 (10th Cir. 2005) (holding that actual registration by the Copyright Office is required), and
Loree Rodkin Mgmt. Corp. v. Ross-Simons, Inc., 315 F. Supp. 2d 1053 (C.D. Cal. 2004) (same).

The rationale for the authorities holding that an application for registration satisfies the
jurisdictional requirement of § 411(a) is set forth in Nimmer on Copyright. Cf. Apple Barrell, 730 F.2d
at 386-87 (citing Nimmer); Dielsi v. Falk, 916 F. Supp. at 994 n.6 (same). According to Nimmer, the
copyright claimant has done all that it can do to comply with the provision once the application has been
filed. 2 Melville B. Nimmer & David Nimmer, Nimmer on Copyright § 7.16[B][1][a][i] (2005).
Further, the claimant will ultimately be able to proceed with an action regardless of the Copyright
Office's disposition of the application because § 411(a) allows suit even if registration is refused. Id.

---

[1]      The exceptions to the registration requirement available under § 106A(a), § 411(b), and the
preregistration provisions of § 408(f) and 37 C.F.R. § 202.16 are not applicable to this proceeding.

**SEND**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 05-7782 PA (Fx) | Date | January 6, 2006 |
| Title | Morgan Blackledge v. Robert Cummings, et al. | | |

Thus, allowing suit after the application has been filed "best effectuate[s] the interests of justice and promote[s] judicial economy." Id. (quoting Int'l Kitchen Exhaust Cleaning Ass'n v. Power Washers of N. Am., 81 F. Supp. 2d 70, 72 (D.D.C. 2000)) (alteration in original).

Under the Act, registration has other consequences in litigation. For example,

> no award of statutory damages or of attorney's fees, as provided by
> sections 504 and 505, shall be made for (1) any infringement of copyright
> in an unpublished work commenced before the effective date of its
> registration; or (2) any infringement of copyright commenced after first
> publication of the work and before the effective date of its registration,
> unless such registration is made within three months after the first
> publication of the work.

17 U.S.C. § 412. Under the rationale described above, Nimmer reasons that "it makes sense under the . . . Act to refer to *application for registration* as a condition to filing an infringement action, whereas *issuance of a registration certificate* is a condition to statutory damages" under § 412 as well as a condition to other consequences that turn on registration. Nimmer § 7.16[B][1][a][*i*] (footnotes omitted).

In contrast, the cases requiring actual registration by the Copyright Office have relied on analysis of the statute. The Act distinguishes between an application for registration of a copyright claim and actual registration because §  410(a) requires the Register of Copyrights to register the claim only after examination. See Loree Rodkin, 315 F. Supp. 2d at 1055. Section 411(a) itself draws a distinction between application and registration because it expressly realizes that the Register of Copyrights will reject some applications and provides a procedure for access to federal courts when that occurs. Id. at 1055-56. Thus, given this distinction, it would require a "topsy-turvy" reading of Title 17 to conclude, as Nimmer and cases that have followed his reasoning do, that "registration" means "application for registration" in the context of § 411(a) when the same term means "issuance of a registration certificate" in provisions such as § 412. See La Resolana, 416 F.3d at 1204. According to the Tenth Circuit, "Title 17's language does not convey certain remedies and benefits upon application and other remedies and benefits upon registration." Id.

After evaluating these lines of conflicting authority, the Court agrees with those cases holding that § 411(a) requires the Copyright Office to act on an application for registration—by either registering or refusing to register the claim—before subject matter jurisdiction over an infringement action exists. In addition to the reasons articulated in Loree Rodkin and La Resolana, there are additional reasons why this position best comports with the overall statutory scheme.

First, the statute establishes a role for the Register of Copyrights in copyright litigation that would be circumvented unless the Court employs procedures that are beyond those expressly provided for by the Act. Though the plaintiff will ultimately be able to proceed regardless of how the Register

ن خ      ن خ                                                              **SEND**
ت تر                UNITED STATES DISTRICT COURT
                    CENTRAL DISTRICT OF CALIFORNIA

                    **CIVIL MINUTES - GENERAL**

Case No.   CV 05-7782 PA (Ex)                          Date   January 6, 2006

Title     Morgan Blackledge v. Robert Cummings, *et al.*

disposes of his application, the statute provides that the Register should have made at least some determination on the validity of his claim before the Court adjudicates his action. Further, the statute requires the Register to be notified of the action if registration is refused. At this point, because the Register has made no determination, the Court cannot determine from the face of the statute whether notification of the Register is required. Nimmer suggests that a "safeguard" procedure would be "to require the plaintiff to file notice with the Copyright Office about the concurrent pendency of the application for registration and the litigation, so that the Register, if she chooses, could expedite the treatment of the former and, if she denies issuance of a certificate, could appear in the latter." Nimmer § 7.16[B][1][a][*i*] n. 38.23. Yet, there is no basis for this procedure in the Act. This itself indicates that the need for such a procedure is the result of a strained reading of the statute.

Second, this interpretation eliminates a host of uncertainties and difficulties for the parties and this Court that would be created by the alternative approach. See La Resolana, 416 F.3d at 1205. For example, under § 410(c), a plaintiff is entitled to a presumption of validity of the copyright when a registration certificate is issued. In litigation where an application has been submitted but no certificate has yet been issued, the Court would have to determine whether the plaintiff is still entitled to the presumption. Further, if the presumption is recognized, it would then have to be reversed if the Copyright Office ultimately refuses to register the claim. See id. In addition, as discussed above, the alternative approach would require the Court to determine how § 411(a)'s notice to the Register and § 412's statutory damages provisions would apply—all without clear statutory guidance. The need for judicially-created solutions to these problems can be entirely avoided by requiring actual registration (or refusal of registration) as a jurisdictional prerequisite, thereby postponing litigation until the plaintiff's entitlements under the Act are clear.

Finally, even if it would be more efficient for the Court to exercise jurisdiction over the plaintiff's action now, efficiency concerns have little weight when applied to a statute like § 411(a). Where a statute's plain language calls for specific conditions to be met before the Court can act—as the provision's "no action . . . shall be instituted until" language clearly does—it makes little sense to hold that its directive should be ignored simply because it delays the plaintiff's redress. Cf. Loree Rodkin, 315 F. Supp. 2d at 1056-57 (a court is "not free to redraft statutes to make them more sensible or just" if they require an inefficient or peculiar result) (quoting Ryan v. Carl Corp., No. C 97-3873 FMS, 1998 WL 320817, at *3 (N.D. Cal. June 15, 1998)).

For the foregoing reasons, the Court grants the defendants' Motion to Dismiss without prejudice.

IT IS SO ORDERED.

Initials of Preparer

cc: