Peter R. Afrasiabi (Bar No. 193336)
Email: pafrasiabi@onellp.com
ONE LLP
535 Anton Boulevard, Suite 850
Costa Mesa, California 92626
Telephone:   (714) 434-8750
Facsimile:    (714) 434-8756

Attorneys for  LEGALCPU.COM, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEGALJIFFY.COM, INC., a California Corporation, | Case No. CV09-1867 AHM (JTLx) |
| Plaintiff, | |
| v. | **ANSWER TO COMPLAINT** |
| LEGALCPU.COM, INC., a California Corporation,, | |
| Defendant. | **DEMAND FOR JURY TRIAL** |

Defendant LegalCPU.com, Inc.("LEGALCPU"), hereby makes and files this Answer in response to Plaintiff's Complaint as follows:

## I. OVERVIEW

## II.  JURISDICTION AND VENUE

1.      Admit.

2.      Denied that the web site is infringing.  Admit there is personal jurisdiction. The balance is denied.

3.      Admit venue is proper, deny the balance.

1

**DEFENDANT'S ANSWER TO COMPLAINT**

### III.  PARTIES

4.     Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations contained in Paragraph 4 of the Complaint, and accordingly denies the same.

5.     Admitted.

6.     Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations contained in Paragraph 6 of the Complaint, and accordingly denies the same.

### IV.  GENERAL ALLEGATIONS

7.     Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations contained in Paragraph 7 of the Complaint, and accordingly denies the same.

8.     Defendant admits that the website "LegalCPU.com" has been operational since at least December 2005.  Defendant denies the remaining allegations in Paragraph 8 of the Complaint.

9.     Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations contained in Paragraph 9 of the Complaint, and accordingly denies the same.

10.     Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations contained in Paragraph 10 of the Complaint, and accordingly denies the same.

11.     Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations contained in Paragraph 11 of the Complaint, and accordingly denies the same.

12.     Defendant lacks knowledge or information sufficient to admit or deny the truth of the allegations contained in Paragraph 12 of the Complaint, and accordingly denies the same.

## FIRST CAUSE OF ACTION

### (Copyright Infringement)

13.    Defendant incorporates by reference the answers provided to Paragraphs 1 through 12 above.

14.    Denied.

15.    Defendant admits that a meeting between officers, directors and shareholders of both Plaintiff and Defendant occurred in August of 2008.  Defendant denies all other allegations contained in Paragraph 15 of Plaintiff's Complaint.

16.    Denied.

17.    Denied.

18.    Denied.

19.    Denied.

20.    Denied.

21.    Denied.

22.    Denied.

## SECOND CAUSE OF ACTION

### (Trade Dress Infringement)

23.    Defendant incorporates by reference the answers provided to Paragraphs 1 through 22 above.

24.    Denied.

25.    Defendant admits that Defendant exercised ownership or control over the website in question.  Defendant denies all other allegations contained in Paragraph 25 of the Complaint.

26.    Denied.

27.    Denied.

28.    Denied.

15462.1

3

**DEFENDANT'S ANSWER TO COMPLAINT**

### THIRD CAUSE OF ACTION

### (Unfair Business Practices)

29-32.      This claim was dismissed by the Court so the allegations need not be answered.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Based on the information presently available, or information believed to be available after a reasonable opportunity for further investigation and discovery, Defendant alleges the following affirmative defenses, specifically reserving all rights to allege additional defenses that become known through the course of discovery:

### FIRST AFFIRMATIVE DEFENSE

1.      The Complaint, and each of its claims for relief, fails to state a claim against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.      The Complaint is barred, in whole or in part, because Defendant's conduct was reasonable, justified, in good faith and/or innocent.

### THIRD AFFIRMATIVE DEFENSE

3.      The Complaint is barred, in whole or in part, because Defendant has not acted with the requisite degree of intent or fault.

### FOURTH AFFIRMATIVE DEFENSE

4.      The Complaint is barred, in whole or in part, because Defendant did not copy or reproduce any of Plaintiff's allegedly copyrighted works or in any other way infringe Plaintiff's alleged copyrights.

### FIFTH AFFIRMATIVE DEFENSE

5.      The Complaint is barred, in whole or in part, because even if some copyrighted material allegedly owned by Plaintiff was used by Defendant, which Defendants denies, use of that material was a fair use protected under 17 U.S.C. § 107.

### SIXTH AFFIRMATIVE DEFENSE

6.      The complaint is barred by the doctrines of unclean hands, laches and/or

estoppel.

SEVENTH AFFIRMATIVE DEFENSE

7.      The Complaint is barred, in whole or in part, because even if some copyrighted material allegedly owned by Plaintiff was used by Defendant, which Defendant denies, those materials were not original works of authorship and therefore are not subject to copyright protection.

EIGHTH AFFIRMATIVE DEFENSE

8.      The Complaint is barred, in whole or in part, because Plaintiff does not have standing to bring their claims since, inter alia, Plaintiff is holder of neither the legal or beneficial interests required to bring infringement suits under 17 U.S.C. § 501(b) for the works in questions.

NINTH AFFIRMATIVE DEFENSE

9.      The Complaint is barred, in whole or in part, because even if some copyrighted material allegedly owned by Plaintiff was used by Defendant, which Defendant denies, those materials did not contain the minimal level of creativity necessary for copyright protection and constitute functional descriptions of the law.

TENTH AFFIRMATIVE DEFENSE

10.     The Complaint is barred, in whole or in part, because nothing in Defendant's works were substantially similar to any protected expression owned by Plaintiff.

ELEVENTH AFFIRMATIVE DEFENSE

11.     The Complaint is barred, in whole or in part, because the material complained of was independently created and was not taken from Plaintiff.

TWELFTH AFFIRMATIVE DEFENSE

12.     To the extent that the Complaint attempts to assert any claim for relief, or seek any recovery, based on any legal theory other than a purported violation of the federal Copyright Act, such claims or recovery are preempted pursuant to 17 U.S.C. § 301 and the United States Constitution's Supremacy Clause.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.     The Complaint is barred, in whole or in part, because even if some copyrighted material allegedly owned by Plaintiff was used by Defendant, which Defendant denies, the use was incidental and de minimus and is therefore not actionable.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.     The Complaint is barred, in whole or in part, because the registrations upon which Plaintiff's right to bring the claims rest are invalid or otherwise obtained through fraud on the Copyright Office.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.     The Complaint is barred, in whole or in part, by license, consent and/or acquiescence.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.     The Complaint, and each of its claims for relief, is barred by the First and Fourteenth Amendments to the United States Constitution and Article 1, Section 2 of the California Constitution.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.     Plaintiff failed to take adequate steps to minimize, alter, reduce or otherwise diminish their damages, if any, with respect to the matters alleged in the Complaint, and by any reason of the foregoing, Plaintiff is barred from recovery of damages.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.     The complaint is barred, in whole or in part, because Defendant has not engaged in the willful infringement of the allegedly copyrighted works.

### NINETEENTH AFFIRMATIVE DEFENSE

19.     The complaint is barred, in whole or in part, because any damages allegedly suffered by Plaintiff were either wholly or in part the legal fault of persons, firms, corporations, or entities other than Defendant, and that legal fault reduces the percentage of responsibility, if any, which is to be borne by Defendant.

20.

TWENTIETH AFFIRMATIVE DEFENSE

21.   The complaint is barred, in whole or in part, because Plaintiff's damages, if any, are vague, uncertain, imaginary, and speculative.

TWENTY-FIRST AFFIRMATIVE DEFENSE

22.   Plaintiff has failed to state a claim upon which punitive and/or statutory damages can be awarded against Defendant.

TWENTY-SECOND AFFIRMATIVE DEFENSE

23.   Plaintiff' claims for relief are barred, in whole or in part, by Plaintiff' copyright misuse.

TWENTY-THIRD AFFIRMATIVE DEFENSE

24.   Plaintiff's claims for relief are barred, in whole or in part, by the applicable statutes of limitation.

TWENTY-FOURTH AFFIRMATIVE DEFENSE

25.   Plaintiff's trade dress claims are barred by the functionality and generic doctrines as expressed in the *Wal Mart, TrafFix* and *Qualitex* cases, among others.

Dated:  September 23, 2009            **ONE LLP**


                                     By:   /s/ Peter R. Afrasiabi
                                           Peter Afrasiabi
                                           Attorneys for Defendant
                                           LEGALCPU.COM, INC.

# DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury as to all issues so triable.


Dated:  September 23, 2009          **ONE LLP**



                              By:    /s/ Peter R. Afrasiabi
                                     Peter Afrasiabi
                                     Attorneys for Defendant
                                     LEGALCPU.COM, INC.

**DEFENDANT'S ANSWER TO COMPLAINT**